IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| **DAMON TOUSSIANT FROST, JR.,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**GOOD DAY FARM RETAIL MANAGEMENT, LLC, et al.,**<br><br>**Defendants.** | **Civil Action No. 4:26-cv-511** |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441(a), 1446, and 1454, Defendant Good Day Farm Retail Management, LLC ("Good Day Farm") respectfully removes this action, originally filed as Case No. 2616-CV15353, in the Circuit Court of Jackson County, Missouri on May 4, 2026 (the "State Court Action"), to this Court.

Good Day Farm respectfully states as follows:

1. A copy of the Petition in the State Court Action is attached as Exhibit 1 and a copy of the filings in the State Court Action is attached as Exhibit 2. On May 18, 2026, Good Day Farm was served with the Petition and a Summons.

**I. Removal is proper under 28 U.S.C. § 1441(a).**

2. 28 U.S.C. § 1441(a) provides: "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

3. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(d) because this is a class action that places in controversy more than $5,000,000, and there is minimal diversity between the parties under § 1332(d)(2).

4. Plaintiff's allegations establish that the class consists of far more than 100 members. Plaintiff defines the putative class as "Missouri citizens who have purchased recreational cannabis products from Defendants in Missouri." Pet. ¶ 32. Plaintiff alleges that annual cannabis retail sales in Missouri totaled $1.52 billion in 2025. Pet. ¶ 67. Plaintiff alleges that Defendants collectively operate at least sixty-one (61) of Missouri's 224 licensed dispensaries—allegedly representing more than 25% of the state's retail cannabis licenses. Pet. ¶¶ 65, 83. Given the allegation that Defendants collectively operated more than one-quarter of Missouri's dispensaries throughout the class period and the alleged volume of sales in the industry, the number of Missouri citizens who have purchased cannabis from Defendants during the class period certainly exceeds 100.

5. The matter in controversy exceeds the sum or value of $5,000,000 exclusive of interests and costs. Plaintiff, on behalf of the class, seeks declaratory relief, injunctive relief, compensatory damages, treble damages, restitution and disgorgement of profits, and attorneys' fees and costs. Pet. at Counts I–III; Pet. at "Prayer for Relief." Based solely on the Plaintiff's allegations, Defendants allegedly collectively accounted for over $380 million (allegedly 25% of $1.52 billion) in Missouri cannabis retail sales in 2025 alone. Given that Plaintiffs are seeking damages under the Missouri Merchandising Practices Act and antitrust laws (including trebling of those damages, attorneys' fees, and permanent injunctive relief), the amount in controversy exceeds $5,000,000.

6. Plaintiff is a citizen of Missouri. Pet. ¶ 1. At the time this lawsuit was filed and at all times since, Good Day Farm was and is a limited liability company organized under the laws of Arkansas and has its principal place of business in Arkansas. Therefore, Good Day Farm was and is a citizen of Arkansas. *See* 28 U.S.C. § 1332(d)(10).

**II. Removal is proper under 28 U.S.C. § 1446.**

7. 28 U.S.C. § 1446(b)(1) provides that a notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

8. The initial pleading in the State Court Action was filed on May 4, 2026.

9. Good Day Farm was served on May 18, 2026. Good Day Farm filed this Notice of Removal within 30 days.

**III. Other Requirements.**

10. Venue is proper in the United States District Court for the Western District of Missouri pursuant to 28 U.S.C. §§ 105(b) 1441(a), and 1446(a) because it is part of the "district and division embracing the place where" Plaintiff filed the State Court Action—the Circuit Court of Jackson County, Missouri in Kansas City, Missouri.

11. Promptly after the filing of this notice of removal, Good Day Farm will give written notice thereof to Plaintiff and will file a copy of the notice with the clerk of the Circuit Court of Jackson County, Missouri, which shall effect the removal and ensure that the State court shall proceed no further unless and until the case is remanded. *See* 28 U.S.C. § 1446(d).

Respectfully submitted,

*/s/Jeffrey J. Simon*
Jeffrey J. Simon, MO Bar #35558
Sara A. Fevurly, MO Bar #69076
HUSCH BLACKWELL LLP
4801 Main Street, Suite 1000
Kansas City, Missouri 64112
T: 816.983.8000
F: 816.983.8080
Jeff.Simon@huschblackwell.com
Sara.Fevruly@huschblackwell.com

**Attorneys for Defendant**
**Good Day Farm Retail Management, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of June 2026, a true and accurate copy of the above and foregoing was filed electronically via the CM/ECF with a copy sent via electronic mail to the following:

Michael A. Williams
WILLIAMS DIRKS DAMERON
1100 Main Street, Suite 2600
Kansas City, MO 64105
mwilliams@williamsdirks.com
Main: (816) 945-7110
Direct: (816) 945-7175

**ATTORNEY FOR PLAINTIFF**

*/s/Jeffrey J. Simon*
**Attorney**